WINDELS MARX LANE & MITTENDORF, LLP
156 West 56th Street
New York, New York 10019
Telephone (212) 237-1000
Facsimile (212) 262-1215
Attorneys Appearing:
Alan Nisselson (anisselson@windelsmarx.com)
John J. Tepedino (jtepedino@windelsmarx.com)

*Attorneys for Alan Nisselson, Chapter 7*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>BIG APPLE VOLKSWAGEN, LLC,<br><br>Debtor. | Chapter 7<br><br>Case No. 11-11388 (JLG) |

**CHAPTER 7 TRUSTEE'S FIRST INTERIM REPORT OF CASE**

**TO THE HONORABLE JAMES L. GARRITY, JR.,**
**UNITED STATES BANKRUPTCY JUDGE:**

Alan Nisselson ("**Trustee**"), trustee for the chapter 7 estate of Big Apple Volkswagen, LLC (the "**Debtor**"), by his counsel, Windels Marx Lane & Mittendorf, LLP ("**Windels Marx**"), submits this first interim report of case and respectfully represents:

**Procedural Background**

1. On March 30, 2011 (the "**Petition Date**") the Debtor filed a voluntary petition for relief under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**") (the "**Chapter 11 Case**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"), and continued to operate its business and manage its affairs as a debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

2. VW Credit, Inc. ("**VCI**"), held a first priority lien (the "**VCI Lien**") against essentially all of the Debtor's assets. As of the Petition Date, the VCI Lien had a balance in excess of the value of the Dealership Assets (as defined below).

{11085663:2}

3.  Prior to the Petition Date, on March 21, 2011, VCI, by its counsel, Deily, Mooney, & Glastetter, LLP ("**DM&G**"), commenced an action (the "**VCI District Court Action**") in the United States District Court for the Southern District of New York (the "**District Court**") against the Debtor, its owners and management (collectively, the "**VCI Defendants**") (District Court Case No. 11-civ-1950). The complaint commencing the VCI District Court Action sought payment of approximately $4 million jointly and severally from the VCI Defendants on causes of action for replevin, breach of contracts, and breach of guarantees.

4.  Upon information and belief, the Debtor's bankruptcy filing was precipitated by the VCI District Court Action.

5.  On April 13, 2011, VCI, by DM&G, moved by Order to Show Cause (the "**Motion to Appoint Trustee**") for an Order pursuant to Bankruptcy Code §1104(a) and Bankruptcy Rules 2007 and 9014 to appoint a Chapter 11 trustee, to operate the Debtor's business and administer the Debtor's estate. (Doc. No. 34). On April 29, 2011 the Debtor filed an objection to the Motion to Appoint Trustee. (Doc. No. 46). On May 3, 2011, the Court held a hearing and granted the Motion to Appoint Trustee.

6.  On May 11, 2011, the Court entered an Order directing the appointment of a chapter 11 trustee. (Doc. No. 58). On May 12, 2011, the United States Trustee (the "**UST**") filed a Notice of Appointment of Trustee (Doc. No. 59) and an Application for Order Approving Appointment of a Chapter 11 Trustee. (Doc. No. 60).

7.  By Order dated May 12, 2011, the Court approved the appointment of Alan Nisselson as trustee (the "**Chapter 11 Trustee**") for the chapter 11 estate (the "**Approval Order**"). (Doc. No. 61).

### The Sale of the Dealership Assets

8.  On November 3, 3011, the Chapter 11 Trustee sold the Debtor's dealership assets

{11085663:2}                                                2

to Teddy Volkswagen of the Bronx, LLC for the gross sale price of $930,000. After the closing, the Trustee paid $811,500 of the sale proceeds to VCI. The details of the sale are fully set forth in the Trustee's Report of Sale and Closing Statement (Doc. No. 138).

### The Conversion of the Debtor's Case to a Case under Chapter 7 of the Bankruptcy Code

9. Upon motion of the Chapter 11 Trustee and by Order dated December 21, 2011, the Court converted the Debtor's case to a case under Chapter 7 of the Bankruptcy Code. (Doc. No. 147).

10. Pursuant to Bankruptcy Code § 701(a), the UST appointed Alan Nisselson as interim Chapter 7 Trustee. The Trustee is now serving as permanent trustee pursuant to Bankruptcy Code § 702(d).

11. The initial Chapter 7 Bankruptcy Code §341(a) Meeting was held on February 23, 2012.

### The Adversary Proceeding

12. Prior to the Petition Date, Julian Salim, President and majority owner of the Debtor, withdrew $718,000.00 (the "**Transfer**") from the Debtor's Wachovia commercial checking account and transferred the funds to his mother, Ratiba Salim ("**Ratiba**"). Ratiba subsequently used the Debtor's funds to satisfy a $300,000.00 mortgage on her primary residence located at 85-29 65th Road, Rego Park, NY 11374 (the "**Premises**") and, when faced with the threat of litigation to recover the Transfer, transferred title to the Premises to her husband, Wahid Saleem ("**Saleem**"), for ten dollars in consideration (the "**Subsequent Transfer**").

13. On June 14, 2011, the Trustee, through Windels Marx, commenced Adv. Pro. No. 11-02251 (JLG) by filing with the Court a Complaint against Ratiba and Saleem (the

{11085663:2}                                    3

"**Defendants**") seeking to avoid and recover the Transfer and Subsequent Transfer as fraudulent and preferential for the benefit of the Estate (the "**Adversary Proceeding**").

14. The Trustee also moved for and the Court issued (i) an *ex parte* order of attachment against the Premises pending judgment or other disposition of the Adversary Proceeding; and (ii) an order confirming the order of attachment. On September 15, 2011, the Court entered an Order confirming the attachment. (Adv. Pro. Doc. No. 11).

15. On October 12, 2011, the Defendants filed an answer to the Complaint. (Adv. Pro. Doc. No. 13). On November 2, 2011, the Defendants filed an amended answer to the Complaint containing a counterclaim against the Trustee for common law abuse of process and a demand for a jury trial. (Adv. Pro. Doc. No. 15).

16. On November 17, 2011, the Trustee filed a motion to dismiss the counterclaim. (Adv. Pro. Doc. No. 19). By Order dated December 21, 2011, the Court granted the Trustee's motion and dismissed the counterclaim. (Adv. Pro. Doc. No. 22).

17. On December 29, 2011, the Defendants filed a Motion to Withdraw the Bankruptcy Reference (the "**Motion to Withdraw the Reference**"). (Adv. Pro. Doc. No. 22).

18. On January 5, 2012, the Defendants filed the Motion to Withdraw the Reference in the District Court. (Case No. 12-cv-00092-PGG, District Court Doc. No. 1,).

19. On January 20, 2012, the Trustee filed a memorandum of law and declaration in opposition to the Motion to Withdraw the Reference. (District Court Doc. Nos. 4 and 5).

20. On March 16, 2012, the Defendants filed a motion for a jury trial pursuant to Federal Rules (the "**Federal Rules**") of Civil Procedure 6(b) and 39(b). (District Court Doc. Nos. 14 and 15).

21. On April 13, 2012, the Trustee filed a memorandum of law and declaration in opposition to the motion for a jury trial. (District Court Doc. Nos. 16 and 17).

22. On March 25, 2013, the District Court (The Honorable Paul G. Gardephe) entered a decision and Memorandum Opinion and Order denying the Defendants' Motion to Withdraw the Reference and motion for a jury trial in their entirety and returning the Adversary Proceeding to the Bankruptcy Court. (District Court Doc. No. 19; Adv. Pro. Doc. No. 25).

23. On January 27, 2014, the Trustee, by counsel, filed a motion (the "**Summary Judgment Motion**") pursuant to Bankruptcy Rule 7056 and Federal Rule 56 for partial summary judgment on his first and eighth claims for relief for avoidance and recovery of preferential and subsequent transfers and memoranda in support of same. (Adv. Pro. Doc. Nos. 39-41).

24. On March 12, 2014, the Court issued a Minute Order and Memorandum Decision granting the Summary Judgment Motion and directing the Trustee to submit an order consistent with the decision. (Adv. Pro. Doc. No. 45).  On March 20, 2014, the Court entered an Order Granting Trustee's Motion for Partial Summary Judgment on His Claims for Relief for Avoidance and Recovery of Preferential and Subsequent Transfers as Set Forth in the Complaint Against Ratiba Salim and Waheed Saleem. (Adv. Pro. Doc. No. 46).

25. On April 15, 2014, the Trustee, by counsel, filed Plaintiff's Motion for Entry of Final Judgment Pursuant to Federal Rule 54 and Bankruptcy Rule 7054 (the "**Default Motion**") and a memorandum of law in support of same. (Adv. Pro. Doc. Nos. 47-48).

26. On June 26, 2014 the Court entered a Judgment in Favor of Trustee and Against Defendants, Ratiba Salim and Waheed Saleem, jointly and severally, in the sum of $705,000.00 (the "**Judgment**").  (Adv. Pro. Doc. No. 50).

### Enforcement of the Judgment

27. Windels Marx requested, and obtained, an Abstract of Judgment from the Clerk of the Bankruptcy Court on August 8, 2014.

28. Windels Marx facilitated the entry of the Abstract of Judgment in the Queens County Clerk's office on August 11, 2014. Pursuant to New York law, the Judgment is now a lien against any and all real property owned by the Defendants in Queens County, New York.

29. Windels Marx obtained a title report showing that the Defendants are still the owners of the Premises.

30. The Trustee requested that the New York City Sheriff of Queens County levy execution of the Judgment against the personal property owned by Defendants, and is awaiting the Sheriff's return of the execution.

31. On April 17, 2015, the Trustee, by Windels Marx, commenced a proceeding in the New York State Supreme Court in and for the County of Queens (the "**State Court**") against the Defendants for a judgment pursuant to CPLR 5206(e) directing the sale of the Premises to satisfy the Judgment (Index No. 703795/15, State Court Doc. Nos. 1-10) (the "**State Court Proceeding**").

32. A hearing in the State Court Proceeding was scheduled for May 19, 2015. Upon request of the Defendants, by their newly retained counsel, and over the objection of Windels Marx, the hearing was adjourned to July 7, 2015, with Defendants' opposition papers, if any, due on or before June 16, 2015.

Dated:  New York, New York          Respectfully Submitted,
        June 2, 2015

                                    WINDELS MARX LANE & MITTENDORF, LLP
                                    *Attorneys for Alan Nisselson, Chapter 7 Trustee*


                                    By:   /s/ Alan Nisselson
                                          Alan Nisselson (anisselson@windelsmarx.com)
                                          John Tepedino (jtepedino@windelsmarx.com)
                                          156 West 56th Street
                                          New York, New York 10019
                                          Telephone: (212) 237-1000

{11085663:2}                                  6